P. BROWN ET AL. *v.* THE STATE.

BAIL-BOND. — Though sureties on a bail-bond or recognizance cannot inquire into the sufficiency of the indictment against their principal, yet, if the indictment was not legally returned into court, there was no lawful authority to take the bond.

ERROR from the District Court of Cooke. Tried below before the Hon. J. A. CARROLL.

A clear synopsis of the material facts appears in the opinion.

In answer to the *scire facias*, Brown and his sureties pleaded that, when their bond was given, conditioned for his appearance to answer the indictment, and when the forfeiture was taken against them, there was no legal and valid indictment against said Brown ; that the pretended indictment was wholly insufficient, because no entry was made on the minutes of said court that it was ever returned into the said court by a proper grand jury, and this they were ready to verify by the record. And they further alleged that, soon after the forfeiture of the bond, and at the same term of the court, the said Brown made his personal appearance to answer said indictment, and remained in attendance on said court during said term, and during every subsequent term of said court, for the purpose of answering the said pretended indictment until the said cause against him was, at the last term of the court, dismissed by the county attorney on account of the said defect; and,

further, that the said Brown " is now in attendance upon this court."

No jury was demanded. The State adduced in evidence the bail-bond and judgment *nisi*. The defendants proved all the allegations in their answer. The court adjudged that the judgment *nisi* be made final for the amount of the bond ($800), and that the State recover the same and all costs against the defendants.

*C. C. & C. L. Potter*, for the appellants. We do not think it sound to say that the principal and his sureties have no concern with the indictment in this character of proceedings. Suppose there was, in fact, no indictment at all in this case, would it not be competent for the principal and his sureties to show this fact, either before or after forfeiture of the bond? It is the very fact of the existence of the indictment that authorizes the State, through her officers, to demand the bond, and it is no answer to this to say that the principal and his sureties, by signing said bond, estop themselves from denying any thing stated therein. This would be carrying the doctrine of estoppel to an unreasonable extent. It would be a harsh rule, indeed, to hold a party so estopped, when he had signed the bond to release himself from prison. It is useless to urge that the bond is a separate and independent obligation, without relation to the indictment. The bond does relate to the indictment, is dependent upon and springs from it. Destroy the indictment, and the whole case and all the proceedings thereunder fall. It is like knocking away the foundation-stone of an edifice; the whole superstructure crumbles in ruins around its base. It is like a party suing to enforce a contract that was made without consideration; the incipient step in his case being wrong, he can never make it right by the intervention of some intermediate or subsequent proceeding relating back to the void contract. There is no chance for him to get rid of this taint of invalidity, that poisons the very fountain source of his cause of

action.    In this case, the State had no right to arrest Putnam Brown, and demand a bond as the condition of his release.    The original first step being a wrong to the citizen, the State could not, any more than a private individual, derive any benefit therefrom.    The principal has the right to say to the State that, "while it is true that I may not have complied with my obligation, you had no right, in the first place, to extort such an obligation from me."

In addition to this, if it is true that the records of the court are the only legal evidence of the presentation in court of an indictment, then the plaintiffs in error have proven that there was, in truth, none in this case, and the whole proceeding was an outrage upon the rights of the principal in the bond.

*George McCormick*, Attorney-General, for the State.

Ector, P. J.    At the March term, 1875, of the District Court of Cooke County, an indictment was filed therein against one Putnam Brown; and on the 18th of October, 1875, he was arrested, and entered into bond for his appearance at the next term of said court, with the other plaintiffs in error as his sureties.

Afterwards, at the February term, 1877, of said court, said bond was forfeited, and at the same term of the court defendant was rearrested.    At the July term, 1877, of said court, the county attorney dismissed said indictment, because there was no entry of the presentation of the same in court upon the minute-book of said court.    At the February term, 1878, the *scire facias* was tried, and the judgment *nisi* made final.

Sureties in a bail-bond or recognizance cannot inquire into the sufficiency of an indictment.    But unless there was, in fact, an indictment returned into court, the State had no right, in the first place, to require a bond.

The judgment of the District Court is reversed, and the cause dismissed.

*Reversed and dismissed.*